**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 04-03127-02-CR-S-ODS |
| ) | |
| RICK D. CANTRELL, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Defendants Debra James and Rick Cantrell previously filed a motion to suppress evidence in this case. After an evidentiary hearing, the Court recommended that the motion to suppress be denied as to Debra James, which recommendation was adopted by the District Judge. This Court then entered a report and recommendation clarifying that the recommendation also applied to defendant Rick Cantrell. Defendant Cantrell has filed a Supplemental Motion to Suppress Evidence in which he continues to assert that all evidence discovered during the search of a residence on October 8, 2004, should be suppressed. The government has responded to that motion.

In the supplemental motion, defendant contends that, at the time of the search and arrest, he was a lawful co-occupant of the residence in question. Relying on Georgia v. Randolph, 547 U.S. –, 126 S.Ct. 1515 (2006), defendant contends that he did not give consent to search the residence, but rather, refused a consent search, and told the officers that they had to obtain a warrant. It is asserted that the officers only obtained consent from defendant James, and that they searched the residence despite his specific refusal. Therefore, he contends that their warrantless search of the residence was unreasonable and in violation of the Fourth Amendment.

It is the government's position that Randolph does not apply in this case because defendant Cantrell did not object to the search; that his interest in the residence and his expectation of privacy, as a guest, was inferior to that of Debra James; that he was not lawfully present because he was a fugitive; and that exigent circumstances existed.

In Randolph, the Supreme Court addressed the issue of whether a warrantless search was lawful where one occupant of a residence gave permission to search, while the other, who later sought to suppress the evidence, was present at the scene and expressly refused to consent. The Court held that, "in the circumstances here at issue, a physically present co-occupant's stated refusal to permit entry prevails, rendering the warrantless search unreasonable and invalid as to him." Id. at 1518-19.

The Court agrees with the government's position that Randolph is distinguishable from the instant case. It is clear, initially, having fully reviewed the testimony adduced at the suppression hearing held before the undersigned, that there was no evidence that defendant Cantrell ever "expressly refuse[d] to consent." Id. In fact, there was no evidence that he objected to the officers' entry, either expressly or implicitly. By contrast, Debra James, whose residence it was, expressly consented to the search. Further, whatever expectation of privacy that defendant Cantrell might have had in her residence, it clearly was inferior to her interest. Finally, the evidence established that defendant was a fugitive, and that exigent circumstances existed. Law enforcement officers were responding to a report that defendant Cantrell had stolen a vehicle. The officers had attempted to locate Cantrell at Debra James' residence on multiple occasions. The officers obtained a state arrest warrant on the basis of the felony stolen vehicle charge filed against Cantrell. When Debra James, also a suspect, was located near her residence, she told the officer that defendant Cantrell was at her residence and that weapons were in the home. In addition to having an arrest warrant for

Cantrell, Deputy Sheriff Wallace also had information that he could possibly be violent. He requested permission from defendant James to go to her residence for the purpose of arresting defendant Cantrell, which she gave. When he went to the residence, defendant Cantrell answered the door and was placed under arrest.

Absent exigent circumstances or consent, the police cannot search for the subject of an arrest warrant in the home of a third party, without first obtaining a search warrant directing entry. Minnesota v. Carter 525 U.S. 83, 100 (1998). In this case, the officers had Debra James' consent, and exigent circumstances existed. The facts that were adduced at the hearing in this case establish that the officers were investigating a report that defendant Cantrell had stolen a vehicle, they had a warrant for his arrest, they had reliable information from a confidential informant that he was at defendant James' residence, defendant James confirmed this information, she told them that there were weapons in the home, and she gave her consent for them to go to her residence to arrest defendant Cantrell. Based on these facts, it is clear that Randolph is not applicable. It is equally clear that defendant Cantrell did not suffer a Fourth Amendment violation in this case. Accordingly, it must be recommended that defendant Cantrell's supplemental motion to suppress be denied.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that defendant Cantrell's Supplemental Motion to Suppress be denied.

/s/ James C. England
JAMES C. ENGLAND, CHIEF
UNITED STATES MAGISTRATE JUDGE

Date: June 27, 2006